### FISH v. JACOBSOHN.

December, 1864.

Affirming 5 *Bosw.* 514.

Where A., an agent, at the request of B., his principal, gave his check to C. to discharge a debt from B. to C.,—*Held,* that if C. had a good claim against B. he could enforce payment of the check against A.

The payee of a check may maintain an action thereon, in his own name, although another person may be interested in the proceeds.

William Fish sued Isaac Jacobsohn in the New York superior court, to recover on a check for three thousand dollars and twenty-five cents, drawn by defendant at New Orleans, on his bankers in New York, and delivered by him to the plaintiff, in settlement of a balance of account due from Bernard Ullman, of New York, for whom the defendant acted as agent, to Benjamin Lumley, of London, for whom the plaintiff acted as agent.

Lumley arranged with Ullman that Piccolomini should give give representations and concerts in the United States for their joint benefit. The plaintiff was sent from England as the agent of Lumley to receive all moneys accruing from such representations and concerts, to examine, vouch, and settle all accounts on behalf of Lumley, and to pay to Ullman such sums as might be coming to him under the contract between Lumley

and Ullman. The defendant was Ullman's general agent and manager in respect to such representations and concerts, and acted as such up to the time of giving the check in suit. He appears to have, in person, received and paid all money on account of the performances that took place. In February, 1859, in the city of New York, the plaintiff demanded of the defendant, as Ullman's manager (Ullman being absent from the city), a settlement of the account of all such representations and concerts as had then been given, which settlement the defendant promised should take place. No settlement, however, was at that time had. The performances went on in February and March, in New York and elsewhere in the United States, under the management of the defendant, the plaintiff receiving from time to time from the defendant several sums of money on account of the proceeds of such performances, to which Lumley was entitled. One of these performances was to take place in New Orleans on March 11, 1859, both the defendant and Ullmann himself being in the city at the time. On that day, the plaintiff demanding of Ullman a settlement as to all such concerts as had been given, he promised such settlement, and to give him the check of the defendant for the amount or balance which Lumley was entitled to receive; and the day following promised that if he did not furnish such check by noon of March 14, he would assign to plaintiff all the receipts of such representations and concerts as should be subsequently given, after deducting the amount to be paid to the manager of the theater, until the plaintiff had received such balance. On March 14, Ullman, by writing, addressed to the manager of the theater, assigned to the plaintiff all the money accruing to him (Ullman) for such remaining performances in New Orleans. On March 16 the defendant made and delivered to the plaintiff the check in suit, for the balance, amounting to two thousand five hundred and fifty-five dollars and seventy-five cents, of the share to which Lumley was entitled of the proceeds of such representations and concerts prior to March 11, 1859, and the share, amounting to four hundred and forty-four dollars and fifty cents, to which he was entitled of the proceeds of the performance on the last mentioned day. The check was payable to plaintiff or order. On receiving the check, a receipt for the

specific items composing the amount of it was given to the defendant personally.

*The superior court,* at general term, affirmed judgment on the referee's report in favor of plaintiff, holding that, upon settled principles of commercial paper, the draft or check given for the accommodation of Ullman having gone to plaintiff as security for Ullman's debt, defendant was liable on it (De Zeng *v.* Fyfe, 1 *Bosw.* 335; Bank of Rutland *v.* Buck, 5 *Wend.* 66); and being payable to plaintiff individually, plaintiff could recover on it. Citing Consederant *v.* Brisbane, 2 *Bosw.* 471. Reported in 5 *Bosw.* 514. Defendant appealed.

*John Townshend,* for defendant, appellant;—That want of consideration was a defense; cited, Rann *v.* Hughes, 7 *T. R.* 350, note; *Doctor & Student Dial,* 2, c. 24; Barrett *v.* Trussell, 4 *Taunt.* 117; Burnet *v.* Bisco, 4 *Johns.* 235; People *v.* Howell, *Id.* 296, 304; *Byles on Bills,* 91; Geer *v.* Archer, 2 *Barb.* 420. Where one gives his check for the existing debt of another, without express stipulation, the presumption is that it was received conditionally, and the burden of proving satisfaction is on the party alleging it. Noel *v.* Murray, 13 *N. Y.* (3 *Kern.*) 167; Corlies *v.* Cumming, 6 *Cow.* 181; Chaffee *v.* Thomas, 7 *Id.* 358; *Edwards on Bills,* 192; Pratt *v.* Foote, 9 *N. Y.* (5 *Seld.*) 463, 466; Everett *v.* Collins, 2 *Campb.* 515; Olcott *v.* Rathbone, 5 *Wend.* 490. Hence, *acceptance* in satisfaction must be alleged. Pinnel's case, 5 *Coke,* 117; Young *v.* Rudd, 1 *Ld. Raym.* 60; Paine *v.* Masters, 1 *Strange,* 573; Webb *v.* Weatherbee, 1 *Bing. N. C.* 502; Sibree *v.* Tripp, 15 *Law J. Exch.* 318; Crisp *v.* Griffith, 2 *C. M. & R.* 124; Senior *v.* Lloyd, 3 *Dowl. P. C.* 572; Hardman *v.* Bellhouse, 9 *Mees. & W.* 497; Drake *v.* Mitchell, 3 *East,* 256. A direct allegation is essential. McDowall *v.* Boyd, 12 *Jur.* 980; Maillard *v.* Duke of Argyle, 1 *Dowl. & L.* 536; Emblin *v.* Dartnell, *Id.* 591; Hough *v.* May, 4 *Adol. & E.* 954. *Prima facie* the agent can take only cash. Sykes *v.* Giles, 5 *Mees. & W.* 645; Bailie *v.* Moore, 10 *Jur.* 592; Ward *v.* Evans, 2 *Salk.* 442. A check for payment of a third person's debt is without consideration. Crofts *v.* Beale, 5 *Eng. L. & Eq.* 408; Nelson *v.* Searle, 4 *Mees. & W.* 795. To enable a third person to sue as trustee of an express trust, he must sue

as trustee, and not as an individual. *Voorhies' Code,* 6 ed. 139, *note d;* Gould *v.* Glass, 19 *Barb.* 179; Merritt *v.* Seaman, 6 *N. Y.* (2 *Seld.*) 168; Murray *v.* Hendrickson, 6 *Abb. Pr.* 96; Eagle *v.* Fox, 28 *Barb.* 473; Palmer *v.* Smedley, 6 *Abb. Pr.* 205; Nelson *v.* Eaton, 7 *Id.* 305. Plaintiff has alleged unnecessary matter, which shows he has no cause of action; and this is fatal. *Gould Pl.* 153, § 171; Moore *v.* Foster, 5 *Com. B.* 220; Page *v.* Boyd, 11 *How. Pr.* 416; Hatch *v.* Peet, 23 *Barb.* 575; Jones *v.* Phœnix Bank, 8 *N. Y.* (4 *Seld.*) 230; Livingston *v.* Miller, *Id.* 283, 289. The true construction of the complaint is, that plaintiff took the check for his own benefit; and the want of consideration is obvious. Moss *v.* Livingston, 4 *N. Y.* (4 *Comst.*) 208; DeWitt *v.* Walton, 9 *N. Y.* (5 *Seld.*) 571.

*Thomas H. Rodman,* for plaintiff, respondent;—That the action was well brought, in plaintiff's name. Erickson *v.* Compton, 6 *How. Pr.* 471; Morgan *v.* Reid, 7 *Abb. Pr.* 215, 219.

WRIGHT, J.—It is insisted that the judgment is erroneous, and for the reasons, 1, that the check was without consideration; and 2, that the action was improperly brought in the name of the plaintiff. Neither of these objections I regard as tenable.

1. The check imported a consideration, and the *onus* was on the defendant to show that, in fact there was none. This was not necessarily shown by an admission in the pleading, nor by proving, that it was given in settlement of a balance of account due from Ullman to Lumley for Lumley's share of the proceeds of the Piccolomini operatic representations and concerts. If the money or funds for which the check was given were in the defendant's hands at the time of giving it to the plaintiff, there was no want of consideration for the promise on the face of the check. It was not shown that he did not hold the funds for which the check was given, and it is inferable from the facts found that he did. The facts were these: [The learned judge here recapitulated the facts.]

The transaction, then, in substance, was this: The proceeds of the performances in which Lumley and Ullman were entitled to share, were collected and held by the defendant. The

net receipts of the concerts had come into his hands. The fact of Ullman promising, and the defendant giving, his own check and taking a receipt in his own name for the amount due, shows conclusively that the very money for which the check was given was in the defendant's hands. If it was, there was no want of consideration for the promise on the face of the check. Instead of paying over Lumley's portion of the proceeds of the concerts held by him, the defendant substitutes his check therefor, and induces the plaintiff to accept it. Holding Ullman's or Lumley's funds in his hands, and inducing the plaintiff to take his order instead of the funds themselves, the objection that there was no consideration for such order is without force. Nor can the defendant, after thus inducing the plaintiff to accept his check, question the authority of the latter to receive it. No one but the plaintiff's principal could repudiate that authority.

2. The plaintiff was the proper party to bring the action. The promise was made to him. It was a contract in writing with him personally. Before the Code, an action on the check would have been maintainable only in the name of the plaintiff. Since the Code every action must be prosecuted in the name of the real party in interest, "except that a trustee of an express trust may sue without joining with him the person for whose benefit the action is prosecuted" (*Code of Pro.* §§ 111, 116) ; and it is declared that the "trustee of an express trust, within the meaning of the section, shall be construed to include a person with whom, or in whose name, a contract is made for the benefit of another." § 113. So that whether the contract was made for the benefit of the plaintiff individually or for the benefit of Lumley, the plaintiff was equally entitled to sue.

The judgment of the superior court should be affirmed.

INGRAHAM, J.—The defendant was the agent of B. Ullman. As such agent he received the proceeds of operatic performances. The plaintiff claimed a balance due ; and Ullman promised to deliver defendant's check in payment, or assign the receipts of certain concerts. He requested defendant to give the check, and plaintiff gave a receipt for the same on Ullman's ac-

count and credited Ullman with the amount. Afterward the concerts were held, and plaintiff paid to defendant the share of Ullman which he had received of the concerts, and claims that the said check was held upon a good consideration.

The defendant objects to the recovery, upon the ground that the check was given without consideration, and that that fact may be inquired into between the parties. Admitting the law to be as contended for on the part of the defendant, still there is another rule which takes this case out of the class of cases relied on by the defendant. This check was given by the defendant in payment of the claim of Lumley due from Ullman and at his request. It would be the same as a note borrowed by Ullman from the defendant for the purpose of paying Lumley's claim. In such a case it becomes accommodation paper in the hands of the party for whom it was made and to whom it was passed, and if Lumley had a good claim against Ullman he can collect the amount of this check passed to him by the defendant for the express purpote of paying this debt. This was so held in Seneca County Bank *v.* Neass, 3 *N. Y.* 442, in a case where the accommodation party put his name to the note without any restriction, and the court held it was rightly used when paid by the holder for a precedent debt, and that the consideration was sufficient. The present case is a stronger one, for the check was paid by the defendant himself in discharge of the debt due from Ullman to Lumley.

An objection is made that the action should be in the name of Lumley. The evidence shows, and the referee finds, that the plaintiff credited Lumley with the amount, and afterward, having received the check, the plaintiff paid over to Ullman's agent the proceeds of certain concerts in his hands and which were held by him as security. These facts gave Fish such an interest in the check as would enable him to maintain an action upon it in his own name, independent of the fact that the contract was with him and the check made payable to his order.

The judgment should be affirmed.

All the judges concurred.

Judgment affirmed, with costs.